UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DEETZ FAMILY, LLC, VISUAL MAGNETICS LIMITED PARTNERSHIP and MAGNAMAGIC INCORPORATED, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 16-10790-TSH |
| v. | ) ) | |
| RUST-OLEUM COPORATION, | ) ) | |
| Defendant. | ) ) | |

## ORDER AND MEMORANDUM ON PLAINTIFF'S EMERGENCY MOTION TO QUASH NOTICE OF DE BENE ESSE DEPOSITION OF RANDY ZEMPEL (Docket No. 184)

**January 11, 2019**

**HILLMAN, D.J.**

Defendant seeks to depose non-party witness Randy Zempel. Plaintiff objects that because discovery has closed, Defendant should be precluded from taking the deposition. Plaintiff, however, fails to recognize the distinction between depositions used for the purposes of discovery and those employed to preserve evidence.

In *Estenfelder v. Gates Corp.*, the defendant sought to take the deposition of four of its former employees. 199 F.R.D. 351 (D. Colo. 2001). The employees no longer worked at the corporation, resided far away, and were beyond the subpoena power of the court. Further, the discovery deadline had passed. The court allowed the deposition and instructed:

> Lawyers use depositions during the discovery phase primarily to discover evidence. However, lawyers do not always know during the discovery phase which witnesses will actually be needed for trial, and whether the testimony of some of these witnesses will need to be presented at trial by means of depositions. Once those

decisions are made by attorneys, courts cannot ignore a party's need to preserve testimony for trial, as opposed to the need to discover evidence, simply because the period for discovery has expired.

199 F.R.D. 351, 355 (D. Colo. 2001); *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at *6-7 (S.D.N.Y. Mar. 11, 2005) (allowing the defendant to take a deposition after the close of discovery where the would-be deponent no longer worked at the defendant corporation, resided outside of the United States, was beyond the subpoena power of the court, and the purpose of the deposition was testimony preservation rather than discovery).

In order to determine whether a deposition is to preserve evidence, the *Estenfelder* court instructed that "attorneys normally do not depose their own witnesses, or 'friendly' witnesses, for purposes of discovery." *Estenfelder*, 199 F.R.D. at 355; *see also Peña v. Hawes*, 2014 WL 12796896, at *1 (D.N.M. Apr. 18, 2014) (noting that there is a "common-sense distinction that discovery depositions are used to discover what a witness knows about the issues in a case, while trial or perpetuation depositions are used when a party knows what the witness will say and seeks to preserve that testimony for trial.").

Here, like the employees in *Estenfelder* and *RLS Associates*, Zempel no longer works for Defendant, lives far away, and is beyond the subpoena power of this Court. Also like in those cases, the purpose of the Zempel deposition would be to preserve evidence. Indeed, Zempel is a "friendly" witness. Further, Defendant alleges that Plaintiff has encouraged Zempel not to appear at trial because Worcester is "not a very nice place to be" rendering the preservation of testimony particularly imperative. (Docket No. 187, at 10).

Plaintiff also argues that the *Estenfelder* court noted that "where a party makes a tactical decision during discovery to refrain from deposing a non-party witness who is beyond the subpoena power of the court, but who has relevant information to offer in the case, that party takes

the risk that the testimony will not be presented at trial." 199 F.R.D. at 353 (citing *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999)). Plaintiff argues that this is the case here and that Defendant's counsel has strategically flouted his disclosure obligations in bad faith. (Docket No. 189 at 15); *see also* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Defendant's counsel submitted an affidavit to this Court, however, in which he maintained that he

> first communicated with [Zempel] on December 5, 2018 and learned that he ha[d] relevant information concerning his work as the manager of research and development in the water-based group at Rust-Oleum during the time that the water-based magnetic paint was developed. The very next day, on December 6, 2018, we amended our Witness List to list Zempel as a potential witness.

(Docket No. 188-1, ¶ 3). While Plaintiff alleges that Defendant counsel's statements to the Court are "simply untrue," (Docket No. 189 at 10), the Court finds no reason to question Defendant counsel's truthfulness and consequently finds that he has not violated his disclosure obligations.

For the reasons stated above, Plaintiff's motion is ***denied*** and Defendant will be permitted to take the preservation deposition. In addition, to permit Plaintiff to acquire the requisite knowledge to conduct a cross-examination of Zempel for inclusion in the preservation deposition, Plaintiff's counsel will be allowed two hours to ask questions of Zempel in the nature of a discovery deposition before the preservation deposition takes place.[1]

---

[1] Today, Plaintiff filed an Emergency Motion to Quash Second Notice of *De Bene Esse* Deposition of Randy Zempel (Docket No. 200). In that motion, Plaintiff references an email from Defendant's counsel that states, "Since the Court has implicitly denied the motion . . . ." Attorney Sena's representations, if true, are at least arrogant and presumptuous and not appreciated by the Court.

**SO ORDERED**

                                                          **/s/ *Timothy S. Hillman***
                                                          **TIMOTHY S. HILLMAN**
                                                          **DISTRICT JUDGE**