UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEETZ FAMILY, LLC, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. 16-10790-TSH |
| v. ) | |
| ) | |
| RUST-OLEUM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND MEMORANDUM ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING PUNITIVE DAMAGES (Docket No. 233)

**March 5, 2019**

**HILLMAN, D.J.**

According to Illinois Courts, "[t]he basic principle for the measurement of contract damages is that the injured party is entitled to recover an amount that will put him in as good a position as he would have been in had the contract been performed as agreed." *Collins v. Reynard*, 154 Ill.2d 48, 51, 607 N.E.2d 1185 (1992). Accordingly, punitive damages are typically not available for breach of contract. *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 112 Ill.2d 87, 94, 492 N.E.2d 181 (1986); *see also Leyshon v. Diehl Controls north America, Inc.*, 407 Ill.App.3d 1, 15 (2010) ("[P]unitive damages may not be awarded for a breach of contract, even if the breach was willful."). An exception exists, however, "when the conduct causing the breach is also a tort for which punitive damages are recoverable. That is, punitive damages are recoverable where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression." *Morrow*, 112 Ill.2d at 95, 492 N.E.2d 181 (quotation marks and citations omitted).

Plaintiff contends that Defendant misappropriated trade secrets. The elements of trade secret misappropriation under Illinois law are: "(1) a trade secret existed; (2) the secret was misappropriated through improper acquisition, disclosure, or use; and (3) the owner of the trade secret was damaged by the misappropriation." *Liebert Corp. v. Mazur*, 357 Ill.App.3d 265, 281 (2005) (citation omitted). Plaintiff argues that Defendant's continued use of his know-how, in addition to breaching the Agreement, amounts to tortious misappropriation.

In order to state a cause of action in tort where a contract exists between the parties, however, "there must be noneconomic loss 'above and beyond disappointed expectations.'" *Sorkin v. Blackman, Kallick & Co., Ltd.* 184 Ill.App.3d 873, 878 (1989) (quoting *Morrow*, 112 Ill.2d at 98, 492 N.E.2d 181). Therefore, when "the gist of [a plaintiff's] complaint [is] that [he] did not receive the benefit of the bargain," punitive damages are not available. *Id.*

Indeed, Illinois courts have refused to award punitive damages in cases much like this one. For instance, in *American Antenna Corp. v. Amperex Electronic Corp.*, the court found "no misappropriation of trade secrets" where "there [was] no allegation that defendant acquired the trade secrets improperly. In the plaintiff's own words, '[the defendant] received plaintiff's trade secrets as part of a contractual arrangement which granted defendant the right to manufacture the stereo components.'" 190 Ill.App.3d 535, 539 (1989). Therefore, the court concluded "Plaintiff has not alleged that defendant disclosed the trade secrets to a third party or that defendant's manner of using the trade secrets to manufacture the components was inconsistent with the terms of the contract. *Defendant's use of the trade secrets was the use specifically contemplated by the contract*." *Id.* (emphasis added); *see also David Mizer Enterprises, Inc. v. Nexstar Broadcasting, Inc.*, 2015 WL 469423, at *4 (C.D. Ill. Feb. 3, 2015) (refusing to award punitive damages for breach of licensing agreement under Illinois law where "[t]he only allegations Plaintiff made

regarding actual malice by Defendant address the breach itself: that Defendant failed to stop the misappropriation of Plaintiff's software and business model, failed to cooperate in resolving the billing and payment issues, and failed to negotiate a resolution of the contract in good faith").

Plaintiff has failed to offer any evidence from which a reasonable jury could find that Defendant's breach of the Agreement amounted to an independent tort. Consequently, Plaintiff's request for punitive damages must be denied.[1]

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] Defendant also raises the procedural objection that Plaintiff did not provide the requisite notice that it would seek punitive damages. *See* Docket No. 234, at 6-7. Because Plaintiff is not substantively entitled to punitive damages under Illinois law, however, the Court need not address Defendant's procedural objection.